**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENISE SCHMIDT,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>PNC BANK, NA and DOES, 1 through 10, inclusive,<br><br>　　　　　Defendants - Appellees. | No. 13-55579<br><br>D.C. No. 3:12-cv-02126-LAB-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2015[**]
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Denise K. Schmidt (Schmidt) appeals the dismissal of her suit against PNC

Bank, NA (PNC). In February 2006, Schmidt obtained a loan for $650,000.00. In

2008, she defaulted on her mortgage payments, and foreclosure proceedings

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ensued. Schmidt initially filed an action in the Superior Court of California for declaratory relief from PNC's attempts to collect payments and foreclose on her residence, but she dismissed her action. She then filed this action in the United States District Court for the Southern District of California against PNC alleging causes of action for declaratory relief, negligence, quasi contract, violation of 15 U.S.C. § 1692 et seq. of the Fair Debt Collection Practices Act, violation of California Business and Professions Code § 17200 et seq., and an accounting. The district court granted PNC's Rule 12(b)(6) motion to dismiss and denied Schmidt leave to amend. Schmidt now appeals, and we affirm, as Schmidt has failed to show that she has, or can, state a cognizable claim against PNC.

**1.** In general, we only review "issues [that] are argued specifically and distinctly in a party's opening brief," and that are raised properly under Federal Rule of Appellate Procedure 28. *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) (alteration in original) (internal quotations marks omitted). We have held that "failure to comply with Rule 28, by itself, is sufficient ground to justify dismissal of an appeal." *Id*. (internal quotation marks omitted). In this case, Schmidt's appellate brief was so conclusory that it failed to articulate *any* explanation as to why the district court erred or abused its discretion in dismissing her case. Since courts need not "manufacture arguments for an

2

appellant," Schmidt waived any possible claims that could have been raised upon appeal. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotation marks omitted).

2. Nonetheless, addressing the merits of Schmidt's appeal, the district court did not err in dismissing the complaint because Schmidt's one-page opposition to the motion to dismiss failed to address any of the motion's arguments on the merits, but simply referred the court to her previous filings and arguments. Schmidt never addressed the merits of her causes of action nor did she state how her proposed amended complaint would remedy any issues raised in PNC's motion. Furthermore, a review of the filings in this case—including Schmidt's brief to this court—shows that Schmidt has failed to show that she has stated, or can state, a cognizable claim against PNC. Accordingly, the District Court did not err in dismissing Schmidt's action.

3. Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). While "this policy is . . . applied with extreme liberality," *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), leave to amend is not automatic. A party may only amend its complaint once as a matter of course within the time limits set forth in Rule 15, and after that

3

time period lapses, a party may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Courts may deny leave to amend at their discretion due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Schmidt sought to amend her complaint outside of the time frame for amending as a matter of course and did not obtain written consent from PNC. The District Court noted that the action appeared to be a frivolous and desperate attempt to avoid foreclosure. Nothing in Schmidt's filings with the Ninth Circuit counters the district court's reasonable determination that Schmidt brought her federal complaint in bad faith. Schmidt's filings in this court do not set forth any proposed amendments that would not be futile. The district court did not abuse its discretion in denying leave to amend.

The district court's dismissal of Schmidt's action without leave to amend is **AFFIRMED**.